**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RICHARD SORICELLI, individually**
**and as Assignee of Peggy Costin,**

    **Plaintiff,**

v.            **Case No. 8:16-cv-1535-T-30TBM**

**GEICO INDEMNITY COMPANY,**

    **Defendant.**
_____/

**O R D E R**

THIS CAUSE comes before the Court on the following:

(1) **Plaintiff's Motion for Protective Order** (Doc. 14) and GEICO's response in opposition (Doc. 16);

(2) **GEICO's Motion for Protective Order Regarding Plaintiff's First Request for Production** (Doc. 18) and Plaintiff's response in opposition (Doc. 21); and

(3) **GEICO's Motion to Compel Documents Responsive to GEICO's First Request for Production** (Doc. 22) and Plaintiff's response in opposition (Doc. 23).

This is a third-party bad faith suit in which Plaintiff alleges that GEICO acted in bad faith in its handling of and failure to settle a bodily injury claim he brought against its insured, Peggy Costin, that resulted in a judgment against Ms. Costin in excess of policy limits in an underlying state court negligence action ("the underlying action").

**I.**

Through discovery, parties may obtain materials that are nonprivileged, relevant to any party's claim or defense, and "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  The term "relevant" is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Courts consider the following factors when evaluating proportionality:  (1) "the importance of the issues at stake in the action," (2) "the amount in controversy," (3) "the parties' relative access to relevant information," (4) "the parties' resources," (5) "the importance of the discovery in resolving the issues," and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Materials "need not be admissible in evidence to be discoverable." *Id.*

Rule 45 generally governs discovery upon non-parties by subpoena.  Fed. R. Civ. P. 45.  The scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules.  Fed. R. Civ. P. 45 advisory committee's note to the 1970 Amendment.  Thus, a court must examine a request contained in a subpoena duces tecum under the same standards set forth in Rule 26(b).  Federal Rule of Civil Procedure 26 provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...."  Fed. R. Civ. P. 26(b)(1).  Moreover, a non-party may be granted a protective order from providing discovery upon a showing of "good cause."  Fed. R. Civ. P. 26(c).[1]

---

[1]A number of courts have acknowledged that Rule 26(c) may be used to protect non-party work product. *See, e.g., Kemm v. Allstate Prop. & Cas. Ins. Co.*, No. 8:08-cv-299-T-

"In Florida, the question of whether an insurer has acted in bad faith in handling claims against the insured is determined under the 'totality of the circumstances' standard." *Berges v. Infinity Ins. Co.*, 896 So. 2d 665, 680 (Fla. 2004) (citation omitted).  The Eleventh Circuit has recently reiterated "the law of bad faith in Florida requires that a court 'focus … not on the actions of the claimant but rather on those of the insurer in fulfilling its obligations to the insured.'" *Moore v. GEICO*, 633 F. App'x 924, 931 (11th Cir. 2016) (quoting *Berges*, 896 So. 2d at 677).

II.

A.

By Plaintiff's motion, he seeks a protective order regarding the subpoenas GEICO issued to non-parties Kenneth Metnick, Esq., and/or Metnick Levy & Dyson (collectively "Metnick"), his counsel in the underlying litigation, and State Farm Insurance Company ("State Farm"), his insurer in the underlying litigation, on grounds that the subpoenas seek documents that are largely irrelevant and not proportional to the needs of this case and place an undue burden on non-parties to this litigation.  (Doc. 14).

Regarding the subpoena directed to former counsel, Plaintiff argues the subpoena is overly broad and seeks documents that post-date the filing of the underlying complaint which are irrelevant to the issue of  whether GEICO failed to settle Plaintiff's claim when it had the

---

30EAJ, 2009 WL 1954146, at *2 (M.D. Fla. July 7, 2009); *In re Student Fin. Corp.*, No. 02-11620-JBR, 2006 WL 3484387, at *11 (E.D. Pa. Nov. 29, 2006); *Ramsey v. NYP Holdings, Inc.,* No. 00 Civ.3478(VM)(MHD), 2002 WL 1402055, at *7 (S.D.N.Y. June 27, 2002); *In re Cal. Pub. Util. Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989); *In re Polypropylene Carpet Antitrust Litig.*, 181 F.R.D. 680, 691-92, 701 (N.D. Ga. 1998).

3

opportunity to do so prior to the date the underlying lawsuit was filed (May 11, 2010).  After that date, the opportunity to settle expired.  Accordingly, Plaintiff argues discovery of matters occurring after that date is irrelevant, and by its subpoena, GEICO seeks to misdirect focus on the conduct of Plaintiff and his attorneys rather than whether GEICO fulfilled its obligations to its insured.  Plaintiff also argues the requests for medical records are irrelevant and burdensome given that GEICO may not relitigate damages.  Finally, he asserts the representation/fee agreement between him and Metnick is irrelevant and protected by the attorney-client and work-product privileges. (Doc. 14).  Metnick served an objection to the subpoena, similarly raising objections on the basis of relevancy, overbreadth, and privilege. (Doc. 16-3).

GEICO responds its subpoena to Metnick is narrowly tailored in scope, and thus is not overly broad.  It urges the relevant time frame for discovery in Florida bad faith cases is from the date of accident through the date of underlying judgment.  Further, GEICO claims it made multiple efforts to communicate with Plaintiff's counsel after litigation was initiated and evidence of those communications supports its defense that there was no realistic opportunity to settle.  Regarding the medical records sought, GEICO states it has no intention of relitigating damages, but rather seeks to determine if Metnick had medical records in its possession regarding Plaintiff's injuries that could have been provided to GEICO but were not despite GEICO's multiple requests.  GEICO disputes the representation/fee agreement between Plaintiff and Metnick is protected by any privilege under Florida law. (Doc. 16).

Regarding the subpoena directed to State Farm, Plaintiff similarly argues the time frame for the materials is irrelevant and overly broad to the extent GEICO seeks documents

that post-date the filing of the underlying lawsuit.  Additionally, he claims the subpoena directed to his insurer pertains to a separate policy of insurance, and State Farm's claims handling has no bearing on the issues in this case.  (Doc. 14).

GEICO responds its subpoena is narrowly tailored in date and scope to obtain discovery from State Farm regarding whether State Farm received correspondence from Metnick.  GEICO contends it is not seeking documents from State Farm to compare claims handling practices, but rather GEICO believes the November 25, 2009 demand letter Metnick states it sent to GEICO was in fact sent to State Farm instead.  GEICO also argues Plaintiff fails to set forth any "personal right or privilege" so as to establish his standing to object to the subpoena duces tecum directed to State Farm. (Doc. 16).

Upon consideration, **Plaintiff's Motion for Protective Order** (Doc. 14) is **granted in part** and **denied in part** as follows:

As for the temporal scope of GEICO's requests, GEICO is correct that under Florida law the scope of discovery of an insurer's underlying claim file is generally up to and including the date of judgment in the original litigation.  *See Allstate Indem. Co. v. Ruiz*, 699 So. 2d 1121, 1126 (Fla. 2008).  "This rule has been historically predicated on the fact that the insurer owes to the insured a duty of fair dealing, honesty and due regard for the insured's interests in handling the third-party litigation."  *Id.*  While this rationale does not govern the relevant temporal scope of the discovery of plaintiff's counsel's file, given the defenses raised by GEICO here, discovery of matters after the date suit was filed may be relevant.[2]  Given

---

[2]The *Ruiz* court found an insurer's file from the underlying case discoverable through the date of the judgment, but the rule is predicated on the fact the insurer owes the insured a duty of fair dealing, honesty, and due regard for the insured's interests.  Given that the

GEICO's claim that it did not receive the November 25, 2009 demand letter, I find email and other communications pertaining to settlement demands/discussions between GEICO and Metnick that occurred after the date suit was filed could be relevant to that defense and are therefore discoverable. Thus, the motion for protective order is **denied in part** to the extent that it seeks to limit discovery of settlement discussions/communications between Metnick and GEICO to the time period prior to the date suit was filed on May 11, 2010.  Accordingly, as to requests 1, 2, and 3 of the Metnick subpoena duces tecum, Metnick is **ORDERED** to produce for copy and inspection all correspondence, emails, records documenting telephone calls, and documents memorializing telephone conversations between Metnick and GEICO regarding settlement of  the underlying accident from October 10, 2009, through January 17, 2011, the date GEICO created its extra-contractual file.[3]  The motion is otherwise **granted** as to the remaining information sought in requests 1, 2 and 3.

Requests numbered 4 , 6, and 7 seek information relating to Plaintiff's medical records.  Specifically, GEICO seeks documents showing when GEICO requested or attempted to obtain medical records related to Plaintiff's injuries from Metnick, copies of all Plaintiff's medical records received by Metnick after suit was filed, and documents showing when Metnick received Plaintiff's medical records at any time.  I find the requests overly broad insofar as GEICO seeks production of the Plaintiff's medical records.  By my consideration, GEICO was required to conduct a reasonable investigation of the claim and once suit was

---

Supreme Court in *Berges v. Infinity* stated that the claimant's conduct is not at issue, I find the rationale in *Ruiz* is not necessarily applicable here**.**
[3]Certainly, by this date at least GEICO anticipated a bad faith action and communications up to that date may reasonably relate to the claims and defenses in this suit.

filed, GEICO had or should have had access to all medical records and information regarding Plaintiff's injuries through its defense counsel's discovery. Plaintiff's production of the same in this suit is unnecessary and unduly burdensome. Thus, the protective order is **granted** as to requests 6 and 7. Regarding request 4, the motion is **denied** to the extent that Plaintiff shall produce for copy and inspection those documents responsive to request 4 for the time period from October 10, 2009 through January 17, 2011.

Requests 9 and 10 seek copies of all documents sent to GEICO on behalf of Plaintiff demanding the $10,000 bodily injury policy limits or offering to settle the BI claim. Given GEICO's defense, these requests relate to the issues in dispute and are appropriate for discovery. The motion for protective order is **denied** as to requests 9 and 10, and Metnick shall produce for copy and inspection any documents in its possession that are responsive to requests 9 and 10 for the period from October 10, 2009 through January 17, 2011.

Regarding GEICO's request number 11 for Metnick's representation and/or fee agreement with Plaintiff regarding the October 10, 2009 accident, while likely not admissible at trial, I conclude such is fair game for discovery. Courts in this Circuit have concluded "fee agreements or retainer agreements generally are not privileged." *Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 691 (M.D. Fla. 2005); *see also Gold Coast Prop. Mgmt., Inc. v. Valley Forge Ins. Co.*, No. 09-60029-CIV, 2010 WL 9871643, at *5 (S.D. Fla. Jan. 26, 2010) (billing and fee payment information is not protected by privilege). To the extent the representation agreement is anything more than a standard Florida Bar fee agreement such that it contains mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys, such opinions may be redacted. Accordingly, the

motion for protective order as to request 11 is **denied**.

Requests 12 and 13 in the Metnick subpoena seek correspondence between Metnick and State Farm related to the underlying accident.  Request 14 seeks copies of postal service certified mail receipts, mailing slips, "green cards," and any other type of confirmation of document delivery, along with the accompanying correspondence, from Metnick to GEICO, State Farm, or any other insurance company related to the underlying accident.  The requests numbered 1, 2, and 3 in the State Farm subpoena seek essentially the same information. According to GEICO, these requests relate to its defense that the November 25, 2009 demand letter was sent to State Farm instead of GEICO.  In light of that argument, I find the information sought is overly broad, as worded, in that the subpoenas seek all correspondence regardless of content or date.  Accordingly, the motion for protective order as to requests 12, 13, and 14 in the Metnick subpoena and requests 1, 2, and 3 in the State Farm subpoena is **denied in part** to the extent that Metnick and State Farm shall produce for copy and inspection any correspondence sent by Metnick to GEICO or State Farm, prior to January 17, 2011, regarding settlement of <u>bodily injury</u> claims arising out of the underlying accident, including mail receipts, delivery confirmations, and green cards, if any, associated with such correspondence.  In all other respects, the motion is **granted**.

## B.

By its first motion (Doc. 18), GEICO seeks a protective order regarding certain discovery requests on the basis that the requests are confidential, irrelevant, and/or protected by the attorney-client privilege and work-product doctrine.  Specifically GEICO seeks an order preventing the production of GEICO's Employees' Personnel Files and GEICO's extra-

contractual files related to this case.  It asserts that its employees' personnel file materials are not relevant to the issues presented in this action and contain information that is confidential, sensitive, and not subject to discovery in this action.  It also asserts that its extra-contractual claim file is wholly irrelevant to the Plaintiff's claim as well as protected by the attorney-client privilege and work-product doctrine.  In short, it contends that Plaintiff impermissibly is seeking GEICO's internal file for the litigation of the instant bad faith action which contains communications with the undersigned firm and contains work-product protected information in anticipation of the instant bad faith action.  (Doc. 18).

Plaintiff responds that the personnel files and extra-contractual claim files are relevant and not privileged and should be produced.  Plaintiff asserts the personnel files are necessary to determine if adjusters received bonuses or reprimands for the manner in which they handled his claim or similar claims and whether the individuals involved in handling Plaintiff's claim had a history of delaying payment of claims or in establishing contact with claimants.  In support, Plaintiff attaches orders from other cases in which similar information has been sought and was required to be produced.

In response to GEICO's argument that the request is overly broad in that it fails to identify which employees' files are sought, Plaintiff responds that the request was made before receipt of the claim file and thus the individuals involved in handling the claim were unknown to Plaintiff.  Plaintiff offered to narrow the request to only those individuals who were more than incidentally involved in handling Plaintiff's claim.  That said, neither Plaintiff's motion nor the reply identifies for the Court the names of those individuals who are "more than incidentally involved," other than to reference Shelley Maldonado and a

supervisor.  A review of the ALOG excerpt attached to the response (Doc. 21-1) includes

notes by Lawrence Marr, Shelley Maldonado, Mark Sugden (supervisor), Leslie Malone,

Elizabeth Wold, and Dave Seavey (supervisor).  The request specifically excludes

confidential information including social security numbers, banking information, and medical

information.

      Upon consideration, **GEICO's Motion for Protective Order Regarding Plaintiff's**

**First Request for Production** (Doc. 18) is **granted in part** and **denied in part**.  It is

undisputed that GEICO's claims handling is directly at issue in this bad faith litigation.  The

request for the personnel files of GEICO employees involved in handling his claim is overly

broad to the extent the request is not limited to those employees and supervisors who were

more than incidentally involved and/or who were involved in decision-making related to

settlement of the claim or offering to settle the claim.

      On this Motion, it is hereby **ORDERED** Defendant shall produce from the personnel

files of Shelley Maldonado, Dave Seavey, and Mark Sugden the following:  Performance

evaluations or reviews; complaints, criticisms, commendations, or other reviews for work

performed adjusting claims; documents establishing quotas in relation to settlements or claim

adjustments; documents relating compensation, including bonuses, to the adjustment of

claims and settlements; and any documents in any way related to the adjustment of Peggy

Costin's claims.  Counsel are directed to confer regarding any other GEICO employees or

supervisors who were more than incidentally involved in the handling of the claim, and for

any such employee or supervisor identified, the same information shall be provided.

      Such documents include electronically stored documents.  The temporal scope of this

production shall include the period for two years prior to the date of the underlying accident through the date of the amended judgement. Personal identifying information (other than name), bank information, and medical information shall be redacted.  Any such production made hereunder is subject to the provisions of any extant confidentiality agreement and may be used solely in connection with this litigation.

Regarding the request for GEICO's extra-contractual regional and home office claim files, GEICO states the extra-contractual file is the claim file opened when GEICO anticipates a bad faith action, and such file consists of privileged communications between GEICO and counsel regarding the bad faith litigation.  Plaintiff urges this court require GEICO to provide a detailed privilege log.  I have previously held that such files generally are not properly discoverable in the bad faith litigation.  *See Gonzalez v. GEICO*, 8:15-cv-20-T-30TBM (M.D. Fla. April 15, 2016).  Accepting GEICO's representations that the extra-contractual file in this matter was set up in anticipation of the bad faith litigation and that its claims of work product protection and privilege are well-founded, it need not produce the file nor, absent a better showing by Plaintiff that it should be permitted to discover the contents of the file, need it prepare a privilege log for the contents of the file.  Should it become appropriate to revisit this ruling, the matter may be addressed on subsequent motion.  Accordingly the motion for protective order as to the extra-contractual files (requests 6 and 7) is **granted**.

At present, to the extent not granted herein, the motion is **denied**.

## C.

By its other Motion (Doc. 22), GEICO is seeking an Order compelling Plaintiff to provide documents responsive to its First Request for Production Nos. 1, 4, 6, 7, 9, 10, 12, 13,

14, 15, and 16.  The requests for production appear to seek the same information sought (and objected to) in the Metnick subpoena for the time period from the date of the accident through the date of the amended judgment. For the reasons discussed more fully in Section I above, GEICO's motion to compel is **granted in part** and **denied in part** as follows:

Request 1– Plaintiff shall produce for copy and inspection all correspondence, emails, records documenting telephone calls, and documents memorializing telephone conversations between Metnick and GEICO regarding settlement of the underlying accident from October 10, 2009, through January 17, 2011.

Request 4– Plaintiff shall produce for copy and inspection those documents responsive to request 4 for the time period from October 10, 2009 through January 17, 2011.

Request 6–Motion to compel is denied.

Request 7–Motion to compel is denied.

Request 9– Plaintiff shall produce for copy and inspection those documents responsive to request 9 for the time period from October 10, 2009 through January 17, 2011.

Request 10– Plaintiff shall produce for copy and inspection those documents responsive to request 10 for the time period from October 10, 2009 through January 17, 2011.

Request 12– Plaintiff shall produce for copy and inspection the representation or fee agreement entered into between Plaintiff and the Metnick firm for the October 10, 2009 accident. To the extent the representation/fee agreement is anything more than a standard Florida Bar fee agreement such that it contains mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys, such opinions may be redacted.

Request 13– Plaintiff shall produce for copy and inspection all correspondence sent to

12

State Farm related to settlement of the bodily injury claims arising out of the underlying accident from October 10, 2009 through January 17, 2011.

Request 14– Plaintiff shall produce for copy and inspection all correspondence received from State Farm related to settlement of the bodily injury claims arising out of the underlying accident from October 10, 2009 through January 17, 2011.

Request 15– Plaintiff shall produce for copy and inspection any correspondence sent by him or his counsel to GEICO or State Farm regarding settlement of the bodily injury claims arising out of  the underlying accident, including all mail receipts, delivery confirmations, and green cards, if any, associated with such correspondence from October 10, 2009 through January 17, 2011.

Regarding GEICO's motion to compel production of documents referenced in Plaintiff's Rule 26 disclosures, the motion is **granted** to the extent consistent with the rulings above.

To the extent not granted herein, the motion to compel is **denied**.

Any production required by this Order shall be made <u>within fourteen (14) days</u> of the date of this Order.

**DONE and ORDERED** in Tampa, Florida, this 20th day of January 2017.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record